85 N.J. Super. 345 (1964)
204 A.2d 718
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRED FURINO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 9, 1964.
Decided November 12, 1964.
*346 Before Judges GOLDMANN, SULLIVAN and LABRECQUE.
Mr. Irving I. Vogelman argued the cause for appellant (Mr. Raymond A. Brown, attorney).
Mr. Gregory J. Castano, Assistant Prosecutor, argued the cause for respondent (Mr. James A. Tumulty, Jr., Prosecutor, attorney).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Defendant appeals his County Court conviction after a trial de novo on the stenographic record taken in the North Bergen Municipal Court.
Detective Nacca of the North Bergen Police Department brought a three-count complaint against defendant, the first count charging that he did "obstruct and interfere" with Nacca, Detectives Montemurro and Stewart, and Sergeant Sybel, in violation of N.J.S. 2A:170-29(2)(b), while the police officers were lawfully on the premises of the Columbia Park Cabana Club. The second count charged defendant, while on the premises (a place to which the public was invited), with uttering certain loud, offensive, profane and indecent language (which need not be detailed here), in violation of N.J.S. 2A:170-29(1). The third count charged that he addressed and made audible and offensive remarks to and concerning Nacca and Montemurro, namely, the indecent *347 language which we have not reproduced, in violation of N.J.S. 2A:170-29(2)(a). The municipal magistrate found defendant guilty of all three charges and imposed county jail sentences of 90, 60 and 60 days, respectively, the sentences on the second and third counts to run concurrently. The County Court on appeal found defendant guilty on count 1, not guilty on the other two counts, and imposed a 60-day county jail sentence.
Pursuant to the authority contained in N.J.S.A. 33:1-35 and the consent embodied in the alcoholic beverage license application for the premises, the four named police officers entered the Columbia Park Cabana Club premises on July 11, 1962, at about 6:45 P.M. to make a routine inspection. While they were in the rear room one Konigsberg walked in and objected to their presence. When informed that the officers were making a routine inspection, he asked for their warrant and was told they did not need one because they were acting under the alcoholic beverage application. Konigsberg refused to get out of their way and kept interfering. When Sybel told him to step out of the way or he would be placed under arrest, he became abusive, shouting obscenities. Sybel then placed him under arrest. A struggle ensued, and it was then that Furino, who had come into the room with Konigsberg, tried to interfere with the arrest. Detectives Nacca and Montemurro told him to stand back and not interfere. He shouted that he was the owner and the principal stockholder, and let loose with foul language. He punched both Nacca and Montemurro in the chest. He was then placed under arrest, handcuffed and taken out of the premises.
Furino, who described himself as executive director of the club, denied that he obstructed and interfered with the police officials; he claimed that all he was trying to do was to "get to the bottom of what was going on," to "calm things down, because things were starting to boil over." He denied that he assaulted Nacca and Montemurro  "I think they hit one another." Nor had he used loud and profane language  "I never did in my life."
*348 Defendant's first argument is that N.J.S. 2A:170-29(2) (b) is invalid because it violates the due process clause of the Fourteenth Amendment of the Federal Constitution in that it employs terms "so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." The validity of a penal law, defendant argues, depends upon its language, and if the law fails to define the crime with sufficient certainty, it must fall, citing Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939); United States v. Cardiff, 344 U.S. 174, 73 S.Ct. 189, 97 L.Ed. 200 (1952), and State v. Caez, 81 N.J. Super. 315 (App. Div. 1963). We find no merit in this argument as applied to the present case.
N.J.S. 2A:170-29 provides, in pertinent part:
"2. Any person who in any place, public or private,

* * * * * * * *
b. Obstructs, molests or interferes with any person lawfully therein; * * *
Is a disorderly person."
The three verbs are definite, clear and distinct, readily understood and employed in the every-day speech of the man on the street. Refined definition is unnecessary. "Obstruct" means to object or come in the way of; to hinder from action; to impede. "Molest" means to interfere with or meddle with unwarrantably. And "interfere" is defined as to enter into or take a part in the concern of others; to intermeddle, intervene. Webster's New International Dictionary (2d ed. 1948); and see 3 Wharton's Criminal Law (Anderson ed. 1957), § 1284, p. 634.
Defendant also suggests that the statute fails to define what persons are involved therein. Not so; the protection of the statute extends to any person lawfully at the place in question, whether that place be public or private. The club was a place to which the public was invited, and the officers, as already indicated, were lawfully on the premises. Defendant does not argue to the contrary.
*349 We conclude that the elements of the offense proscribed by the statute in question are specific. No man of common intelligence would have to guess at the meaning of the statute, and the conduct condemned is certain. Cf. State v. Monteleone, 36 N.J. 93 (1961); State v. Dennis, 80 N.J. Super. 411 (App. Div. 1963).
Defendant next contends that the State failed to prove his guilt beyond a reasonable doubt. The statute, it is said, is not intended to prevent a person from protesting his innocence or questioning a police officer or complaining against the officer's unlawful actions, as long as this is done in a quiet manner and not in such a way as to create a commotion or disturbance. We are asked to make new or amended findings of fact under R.R. 1:5-4(b); 2:5. That rule enjoins us to give due regard to the opportunity of the trial court to judge the credibility of the witnesses. The county judge, like the municipal magistrate, believed the officers. We do not find their assessment of credibility misdirected. The testimony of the officers clearly established that defendant had obstructed, molested and interfered with them while they were discharging their duty. The defense testimony, consisting of defendant's and that of one other witness, is not persuasive; indeed, we give defendant's little credence, even on the printed record. The County Court judge was confronted with a clear conflict in testimony of the State's witnesses. We find the evidence sufficient to have satisfied the trial judge beyond a reasonable doubt that defendant was guilty of violating the cited statute.
Finally, defendant claims that the county jail sentence was "manifestly excessive," citing State v. Johnson, 67 N.J. Super. 414 (App. Div. 1961), for the proposition that this court has the power to revise a manifestly excessive sentence even though it is within the statutory limit. In support of this argument, defendant points out that he is a happily married man, had never been convicted of a crime, and was operating a legitimate enterprise. He maintains that the court should, at best, have imposed a fine and not a jail sentence, since the latter carries with it an indelible stigma.
*350 The 60-day jail sentence imposed by the county judge on the trial de novo represented a reduction of 30 days from the original sentence imposed after the trial in the municipal court. It was well within the legal limits authorized by N.J.S. 2A:169-4. We find the 60-day sentence not "manifestly excessive" and therefore conclude that the trial judge did not abuse legal discretion.
The judgment of conviction is affirmed.