931 A.2d 617 (2005)
395 N.J. Super. 58
STATE of New Jersey, Plaintiff
v.
Ahmet S. KOTSEV, Defendant.
Superior Court of New Jersey, Law Division, Criminal Part, Passaic County.
Decided December 22, 2005.
*618 John Vincent Saykanic, Clifton, for defendant.
Justine Niccollai, Passaic County Prosecutor, for the State.
GUZMAN, J.S.C.

FACTS AND PROCEDURAL POSTURE
On October 18, 1993, Ahmet S. Kotsev ("defendant"), was cited for driving while intoxicated (D.W.I.), in violation of N.J.S.A. 39:4-50. Defendant pleaded guilty to the aforementioned offense, and judgment was entered on August 12, 2005, in the Clifton Municipal Court. Defendant was sentenced as follows: $1000 fine; $33 costs; $50 VCCB; $200 D.W.I. surcharge; $75 SNSF; and a driver's license suspension of 10 years. The Municipal Court also imposed a jail sentence, as required by law. However, the sentence imposed is ambiguous and not clearly set forth in the record below. The municipal court judge indicated that the sentence required by law is 180 days and stayed any such sentence pending this appeal.
Defendant appeals the custodial aspect of the sentence, requesting that the custodial sentence be served in the Sheriff's Labor Assistance Program (S.L.A.P.). Defendant also argues that he should be sentenced to serve any jail term on weekends only, and not consecutively. It is noteworthy that this case does not involve the current state of the D.W.I. law. The offense at the subject of this appeal occurred *619 in 1993. Therefore, the court will evaluate the facts based upon the law in effect at the time of the offense.[1][2]

STANDARD OF REVIEW
A municipal court appeal is reviewed de novo. R. 3:23-8. A trial de novo by definition requires that the reviewing court make its own findings of fact. State v. Ross, 189 N.J.Super. 67, 75, 458 A.2d 1299 (App.Div.1983) (emphasis added). The reviewing court will review the record anew, giving proper regard to the lower court as it had an opportunity to hear and see the witnesses and to have a "feel" for the case. State v. Locurto, 157 N.J. 463, 470, 724 A.2d 234 (1999), quoting State v. Johnson, 42 N.J. 146, 161, 199 A.2d 809 (1964). Therefore, deference will be given to the lower court judge's opportunity to gauge the credibility of the witnesses. Id. at 474, 724 A.2d 234. The court will give due, although not necessarily controlling, regard to the opportunity of a municipal court judge to assess the credibility of witnesses. Johnson, supra, 42 N.J. at 157, 199 A.2d 809. However, the Superior Court may arrive at its own conclusion where justice demands intervention and correction. Locurto, supra, 157 N.J. at 473, 724 A.2d 234. If the Superior Court finds that the defendant was prejudiced, it may remand the case to the originating trial court and specify the basis for the remand. R. 3:23-8(a).

ANALYSIS AND DECISION
In the Municipal Court, defendant testified that he was under the influence while driving on the Garden State Parkway through the City of Clifton at 2:05 a.m. on October 18, 1993. Defendant further testified that he was administered a breathalyzer test after police pulled him over that night. Finally, defendant testified that he and an expert both reviewed discovery and that his blood alcohol content was 0.16% BAC.
Defendant raises the following issues on appeal:
I. DEFENDANT SHOULD BE PERMITTED TO SERVE A PART OF HIS CUSTODIAL SENTENCE IN THE SHERIFF'S LABOR ASSISTANCE PROGRAM
II. DEFENDANT SHOULD BE PERMITTED TO SERVE ANY JAIL TERM ONLY ON CONSECUTIVE WEEKENDS

Issue I
Defense counsel argues that a directive issued by the Honorable James J. Murner, P.J.M.C., on September 15, 2004, is violative of protections guaranteed defendant under the federal and State constitutions. The directive reads in pertinent part:
It is the consensus of the Conference of Presiding Judges of the Municipal Courts that the provisions of the SLAP program cannot and must not extend to persons convicted of a Third or subsequent DWI offense. Clearly, the Legislature did not intend to permit community service or SLAP programs to be used *620 when sentencing defendants in these cases.
Defendant requests that he be granted entrance into the S.L.A.P. to serve the sentence for a D.W.I. conviction. The first issue to be resolved in this appeal is defendant's contention that he is eligible for, and should be sentenced to serve, his custodial term in S.L.A.P.
S.L.A.P. is a program in Passaic County, created in 2003, as a labor assistance program under the purview of the Passaic County Sheriff. N.J.S.A. 2B:19-5. The statute provides:
The governing body of each county, through the sheriff or such other authorized officer, may establish a labor assistance program as an alternative to direct incarceration to be utilized by the comprehensive enforcement program as a sentencing option. An enrollment fee of $25.00 shall be paid by each person who is sentenced to a labor assistance program. Additionally, each person so sentenced shall pay a fee of $ 8.00 per day for each day originally sentenced to the labor assistance program.
[N.J.S.A. 2B:19-5.]
The authority to create and supervise labor assistance programs is vested in the sheriffs of each county in the state, for the purpose of providing a means to execute the directives of the Comprehensive Enforcement Program. See Senate Judiciary Committee, Statement to S. 335 (February 24, 1994). The Comprehensive Enforcement Program was created to increase the collection of judicially imposed financial penalties and to improve the enforcement of court orders. Ibid., see also, Senate Budget and Appropriations Committee, Statement to S. 335 (March 10, 1994).
Labor assistance programs were intended to serve as an alternative to direct incarceration. The Legislature's goal was for the sentencing option to be used to enforce a defendant's failure to pay judicially imposed fines and enforce court orders. Senate Judiciary Committee, Statement to S. 335. S.L.A.P. is not manifestly superimposed into the D.W.I. statute by any means. The intent of the Legislature clearly supports the premise that the substantive goal of the Comprehensive Enforcement Program, as the enabling authority of labor assistance programs, such as S.L.A.P., is to effectuate enforcement of community service and fines imposed by the courts, not as a sentence in D.W.I. cases.
The D.W.I. statute dictates the sentencing options available to the court and allows for very little flexibility. The law in effect in 1993 unambiguously requires that a defendant be sentenced to a minimum of 90 days in jail and a maximum of 180 days in jail. S.L.A.P. was not a sentencing option under the 1993 statute, nor had the program been established. Therefore, to sentence defendant to S.L.A.P. in lieu of jail would constitute an illegal sentence. See N.J.S.A. 1:1-15; State v. Chambers, 377 N.J.Super. 365, 372, 872 A.2d 1109 (App.Div.2005). The directive prohibiting such an illegal sentence does not offend the state or federal constitution. In this case, the directive enhances constitutional protections guaranteed to defendants by prohibiting illegal sentences.

Issue II
The second issue to be addressed is whether defendant should be sentenced to serve his custodial term on weekends. There is no prohibition against imposing a sentence of periodic imprisonment in the statutes, nor is there a mandate that a jail sentence imposed be served consecutively. N.J.S.A. 39:4-50. The court is vested with the authority to impose a periodic sentence if, in its discretion, it deems it proper *621 under the circumstances. N.J.S.A. 2B:12-22. In de novo proceedings, the court is further empowered to modify, lower, or increase the Municipal court sentence within the limits imposed by law. State v. Carey, 232 N.J.Super. 553, 558, 557 A.2d 1036 (App.Div.1989), citing State v. Mull, 30 N.J. 231, 239, 152 A.2d 572 (1959). The sentence imposed upon a defendant is ultimately within the discretion of the court, so long as it is within the boundaries proscribed by statute. State v. Furino, 85 N.J.Super. 345, 350, 204 A.2d 718 (App. Div.1964).
On January 20, 2004, Governor McGreevy signed Michael's Law, amending the D.W.I. statute by increasing penalties and lowering the blood alcohol content required to sustain a D.W.I. conviction. L. 2003, c. 315. The amendments limit work release programs to first and second D.W.I. offenders. Ibid. They further impose mandatory confinement to third or subsequent drunk driving offenders and permit the court to reduce a third time offender's mandatory 180-day sentence to a drug or alcohol inpatient rehabilitation program by a time period not to exceed 90 days. Ibid. The law also amended penalties for refusals to submit to breathalyzer exams, and reduced the blood alcohol content for a per se drunk driving offense from 0.10% to 0.08%. Ibid. It is clear that recent amendments to the D.W.I. laws have carried a general theme of increased penalties associated with drunk driving, and greater deterrence for those that drive while intoxicated.
The custodial sentence imposed by the Municipal Court was not clearly contained in the record. The court did, however, indicate that a sentence of 180 days jail was available and legal under the 1993 version of the D.W.I. statute. Such a sentence would not be excessive or unconscionable by any means. Defense counsel argues that defendant should be sentenced to serve his jail term on weekends instead of consecutively. Defense counsel represented that defendant is employed full-time, and indicated that a consecutive term would be "disastrous" to defendant's employment. This court will impose a sentence of 90 days jail, which shall be served consecutively, and 90 days of community service. The sentence imposed by this court is a moderate sentence, within the legal boundaries of the 1993 statute, and in line with the evolving goals of the Legislature. This is defendant's third D.W.I. conviction, and he should not be afforded the benefit of serving his sentence on weekends. This court finds that such a sentence would not be aligned with the intent of the Legislature or the enhanced penalties contained in the current statute.

CONCLUSION
Defendant pleaded guilty to driving while intoxicated, in violation of N.J.S.A. 39:4-50, and based upon the lower court record and the above analysis, this court finds defendant guilty of driving while intoxicated beyond a reasonable doubt. This court further finds that the directive issued by Honorable James J. Murner, P.J.M.C., is constitutional and does not deny defendant any federal or state constitutional guarantees. This court imposes the same sentence as the Municipal Court, except that defendant must serve 90 consecutive days in jail and 90 days of community service.
NOTES
[1] The 1993 statute provided: "For a third or subsequent violation, a person . . . shall be sentenced to imprisonment for a term of not less than 180 days, except that the court may lower such term for each day, not exceeding 90 days, served performing community service in such form and on such terms as the court shall deem appropriate under the circumstances . . ." N.J.S.A. 39:4-50(a)(3) (1993).
[2] The blood alcohol content (B.A.C.) for a D.W.I. conviction under the statute in 1993 was 0.10% BAC. N.J.S.A. 39:4-50.