189 N.J. Super. 67 (1983)
458 A.2d 1299
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MARIE D. ROSS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 1, 1983.
Decided March 14, 1983.
*69 Before Judges MICHELS, PRESSLER and TRAUTWEIN.
Appellant filed a pro se brief.
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for the respondent (George L. Schneider, Essex County Prosecutor, of counsel; Olivia Belfatto, Assistant Essex County Prosecutor, on the letter brief).
The opinion of the court was delivered by PRESSLER, J.A.D.
Defendant Marie D. Ross appeals from her conviction by the Law Division on a trial de novo of two violations of the noise *70 control ordinance of the Town of Belleville.[1] We reverse the convictions because of the egregious irregularities attending the municipal court process.
Defendant Ross and her family are next door neighbors of the Montagna family. It appears that a considerable degree of hostility had developed between the families for some months prior to the episode here in question because of the Ross' ownership of several German Shepherd dogs who were regularly let outdoors in the late night and early morning hours and who, by their loud and persistent barking, disturbed the peace of the neighborhood and frequently awoke sleeping members of the Montagna family. On the night of July 27, 1980 these hostilities apparently exploded when, so it was variously alleged, the adult Montagnas again complained to defendant's husband, who was outdoors with the dogs. Apparently some sort of fracas, at least verbal and perhaps physical, ensued, and ultimately various members of the two families signed complaints against each other in the Belleville municipal court charging each other with a variety of minor offenses.
Among the plethora of complaints then filed, and apparently thereafter filed as the interfamily enmities escalated, are the two here in issue charging defendant with violations of the Belleville noise control ordinance prohibiting "the keeping of any animal or bird which by causing frequent or long continued noise shall disturb the comfort or repose of any person in the vicinity." One complaint was sworn to by Frank Montagna and the other by his wife Rita Montagna. Each charged defendant *71 with the identical conduct allegedly constituting a violation of the ordinance, namely, "allowing her dogs to continually bark disturbing the entire Montagna family" on July 27, 1980 at 11:15 P.M. Each was captioned in the name of the respective complainant versus defendant. A summons was issued on each of the complaints. Inexplicably, both summonses were issued over the signature of the respective complaining witness. Neither was signed or issued by a judicial officer, court clerk, deputy court clerk or even a police officer.
Ultimately a trial was conducted in the Bloomfield Municipal Court, and defendant was convicted on both complaints. Sentence, although not specifically pronounced, was suspended. Defendant then appealed to the Law Division de novo and on the record pursuant to R. 3:23-8. After hearing oral argument from defendant, who appeared pro se, and from the prosecutor, the Law Division judge affirmed the convictions on the ground that
I find there's proof upon which the [municipal] judge could have based his and did base his decision to find you guilty. It's not for me to find you guilty. It's not for me to substitute my judgment for that of [the municipal judge].
On her appeal to this court defendant argues first that she was denied a fair and impartial trial by reason of "ex-parte communications" between the municipal court judge and the complaining witness. It appears, however, that the communications to which she refers consisted of a colloquy on the record between the judge and the complaining witness on a scheduled trial date on which no member of the Ross family appeared despite proper notification. The colloquy did not materially concern the merits of the pending complaints and was altogether unexceptionable. There is no merit either in this issue or in the second issue raised by defendant, namely, the claim that she was denied the right to present witnesses in her behalf. That claim apparently derives from the municipal court judge's witness sequestration order. Our review of the record persuades us, however, that there was no impingement on defendant's right to fully present her defense.
*72 The last of the issues defendant raises does, however, have substantial merit and the prosecutor so concedes. The issuance of two separate complaints and the separate convictions on each constituted an obvious violation of the constitutional guarantee against double jeopardy. There was clearly only one offense here involved and only a single violation of the ordinance, to wit, permitting the dogs to bark at 11:15 P.M. on July 27, 1980. That single offense is not multipliable by the number of people disturbed by the barking dogs. That is fundamental, and the State accordingly urges the dismissal of one of the complaints.
We cannot, however, sustain either of the convictions because of an even more basic defect in the proceedings, not raised by the parties. In our view, the issuance of the summonses here by the complaining witnesses constitutes so egregious a violation of the underlying principles of proper practice as to require the reversal of both convictions.
To begin with, we are constrained to point out that the proceedings here were quasi-criminal in nature. That fundamental predicate of these proceedings appears to have been entirely overlooked in its institution, first in the improper captioning of the complaints and summonses in the names of the respective complaining witnesses as plaintiffs and then, even more appallingly, in the issuance of the summonses on the authority of the complaining witnesses.[2]
*73 Because of the nature of the proceedings here, process was required generally to conform to the requirements applicable to indictable offenses. See R. 7:3-1. Among those requirements is the mandate that process issue only by a judge or clerk or deputy clerk of his court and only if the official issuing process is satisfied from the complaint that there is probable cause to believe that defendant has committed an offense. R. 3:3-1(a), 3:3-2. In lieu of the primary process of a warrant, a summons may issue if the official is satisfied that the accused will appear in response thereto and none of the other warrant-mandating criteria of R. 3:3-1(b) is present. The only modification in this procedure in respect of nonindictable criminal offenses within the municipal court jurisdiction is the authorization of R. 7:3-1(b), permitting a summons to be issued by a law enforcement officer where the Administrative Director of the Courts has prescribed the form of summons and complaint.
The limitation of the issuing authority to a judicial officer in the case of a warrant is a matter of constitutional imperative imposed by the Fourth Amendment, which prohibits either the arrest of the person or the seizure of property except on probable cause supported by oath or affirmation. It is also well-settled constitutional doctrine that the prerequisite probable cause determination must be made by an impartial and neutral judicial officer, including the court clerk or deputy clerk but excluding, obviously, a person who, because of his status, has an interest or bias in the matter. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); State v. Ruotolo, 52 N.J. 508 (1968). Accordingly, a warrant issued by, for example, a police officer is constitutionally defective.
The matter is somewhat different in the case of a summons because of its qualitatively different consequence vis-a-vis deprivation of freedom. A summons in lieu of warrant is *74 not, however, without consequence since it initiates the criminal process, compels appearance to answer the complaint, and may lead to the routine issuance of an arrest warrant upon the failure of appearance.[3]R. 3:3-1. While it is evidently the lesser consequential significance of a summons and the lesser consequence of matters within municipal court dispositional jurisdiction which justify the law enforcement officer exception of R. 7:3-1(b), it is the nevertheless grave import of the summons, in the structure of the criminal justice process, which requires that a probable cause determination be made as the prerequisite for its issuance as well and which also requires a strict construction of R. 7:3-1(b) to the end that an appropriate neutral official make that determination. For the determination to be made by the complaining witness and for the summons to be issued over his signature is fundamentally offensive to the most elementary notions of due process, violates the spirit if not the letter of the Fourth Amendment, and is a blatant and intolerable violation of our rules of practice. The criminal and quasi-criminal system is neither designed nor intended to provide a vehicle for the raising and settlement of purely private disputes. The process here, therefore, constituted a subversion of the basic distinction between criminal and civil justice.
We are not unaware of the provision of R. 3:23-8(c), which provides that the taking of a de novo appeal to the Law Division "shall operate as a waiver of all defects in the record including any defect in, or the absence of, any process...." It is also well settled, however, that the waiver does not apply in respect of defects of a constitutional or jurisdictional nature. See, e.g., State v. Barnes, 84 N.J. 362 (1980); State v. Gillespie, 100 N.J. Super. 71, 85 (App.Div. 1968), certif. den. 51 N.J. 274 (1968); State v. O'Keefe, 135 N.J. Super. 430 (Cty.Ct. 1975); Cranford Tp. v. Errico, 94 N.J. Super. 395 (Cty.Ct. 1967). We *75 regard the nature of the defect here as one of such substantial magnitude as to compel the inapplicability of the waiver rule.
Although we reverse the convictions on the foregoing ground, we deem ourselves obliged to comment on another serious error in these proceedings stemming from the Law Division judge's fundamental misapprehension of his function. A trial de novo by definition requires the trier to make his own findings of fact. He need, furthermore, give only due, although not necessarily controlling, regard to the opportunity of the municipal court judge to judge the credibility of the witnesses. His is not the appellate function governed by the substantial evidence rule but rather an independent fact-finding function in respect of defendant's guilt or innocence. See, e.g., State v. States, 44 N.J. 285, 293 (1965); State v. Johnson, 42 N.J. 146, 157 (1964).
The convictions appealed from are reversed, the complaints against defendant dismissed and the summonses quashed.
NOTES
[1] Apparently because of a disqualification by the municipal court judge of Belleville, the matter was heard by the municipal court judge of Bloomfield. Although appellant's pro se appendix includes the text of the provision of the Belleville ordinance which she was charged with violating, the State's appendix provides the text of the Bloomfield noise ordinance, the significance of which we fail to perceive. Presenting the court with an ordinance of the wrong municipality did not facilitate our review of this matter and is only the last of the procedural anomalies in a proceeding fraught with procedural anomalies from the moment the complaint was taken.
[2] At the foot of the form of complaint is the following printed statement: "The undersigned states that he has just and reasonable grounds to believe and does believe that the person named above committed the offense(s) herein set forth contrary to law." Immediately below this legend is a signature line under which this instruction is printed: "Signature and identification of Officer (to be signed when issuing summons)" The signature line was signed by the complaining witness who thereafter also signed as the complaining witness. The accompanying form of summons bears at its foot this legend "You are notified that the undersigned will file a complaint in this court charging you with the offense(s) set forth above. The instruction under the signature line thereafter provided also reads "Signature and identification of Officer." The complaining witness signed on this line as well.
[3] We note that upon defendant's failure to appear at the scheduled hearing, heretofore adverted to, a bench warrant for her arrest was in fact issued.