228 N.J. Super. 109 (1987)
549 A.2d 46
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ERIC SALZMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 28, 1987.
Decided October 27, 1987.
*110 Before Judges J.H. COLEMAN and O'BRIEN.
Eric Salzman argued the cause pro se.
John Caruso, Jr., argued the cause for respondent (Joseph C. Dickson, Jr., Township Attorney, attorney; Robert A. Hoonhout, Assistant Township Attorney, on the letter brief).
PER CURIAM.
The problem presented in this appeal is whether convictions based on improper complaints in municipal court proceedings for violating a noise abatement ordinance should be permitted. For the reasons which follow, we hold they should not and reverse.
Defendant Eric Salzman was convicted in the Township of Montclair Municipal Court for permitting his dogs to bark late at night and early in the morning on six occasions in violation of Township Ordinance Art. III, § 166-11 (1947). He was fined $6,000 plus $50 costs. Upon his de novo appeal to the Law Division he was again found guilty but the fines were reduced *111 to $2,600. Defendant has appealed. We now reverse in part and affirm in part.
The proceedings were initiated on February 20, 1985 when Policeman Kurt Reinhardt issued Summons #3355 alleging that Karin M. Salzman of 10 Waterbury Road, Montclair had violated Montclair Ordinance Art. III, § 166-11 (1947) on February 20, 1985. Before trial, Eric Salzman was substituted as the defendant. The offense was described as "noise  dog barking." The summons which was issued and signed by K. Reinhardt stated that the officer would file a complaint charging defendant with the described offense. A complaint was filed by Officer Reinhardt. (See copy of Complaint and Summons attached). The copy of the complaint which is annexed to this opinion was submitted to us directly at our request by Gloria DiMiro, Clerk of the Montclair Municipal Court Clerk. Eric Salzman was found guilty of violating the ordinance. On the de novo appeal, defendant's $1,000 fine was reduced to $500 on this complaint.
Even though defendant does not directly argue before us that the complaint issued by Officer Reinhardt was defective, we are constrained to raise it sua sponte. As we observed in State v. Ross, 189 N.J. Super. 67, 73 (App.Div.), certif. den., 95 N.J. 197 (1983), an alleged violation of a noise abatement ordinance by a barking dog is quasi-criminal in nature and the rules of criminal practice must be strictly followed. In Ross we stated:
Because of the nature of the proceedings here, process was required generally to conform to the requirements applicable to indictable offenses. See R. 7:3-1. Among those requirements is the mandate that process issue only by a judge or clerk or deputy clerk of his court and only if the official issuing process is satisfied from the complaint that there is probable cause to believe that defendant has committed an offense. R. 3:3-1(a), 3:3-2. In lieu of the primary process of a warrant, a summons may issue if the official is satisfied that the accused will appear in response thereto and none of the other warrant-mandating criteria of R. 3:3-1(b) is present. The only modification in this procedure in respect of nonindictable criminal offenses within the municipal court jurisdiction is the authorization of R. 7:3-1(b), permitting a summons to *112 be issued by a law enforcement officer where the Administrative Director of the Courts has prescribed the form of summons and complaint.

Id. at 73 (emphasis added).
Officer Reinhardt utilized the form of summons and complaint prescribed by the Administrative Director of the Courts pursuant to R. 7:3-1(b) and R. 1:32-3. This form of summons and complaint which may be issued by a law enforcement officer for nonindictable offenses is a set of four differently colored pages: the summons (white), the complaint (blue), the officer's copy of the complaint (yellow) and the police copy of the complaint (pink). (See Complaints and Summonses attached). The white summons is to be served on the accused which contains a printed notification that "the undersigned will file a complaint in this court charging you with the offense(s) set forth above." The complaint must be signed and sworn to by the officer issuing the summons before a person authorized by R. 3:3-1(a) and it must be filed without unnecessary delay. The prescribed form complaint contains a statement by the officer that he or she has a just and reasonable basis to believe and does believe the person named committed the offense charged.
It is clear on the face of the complaint filed in connection with Summons # 3355 that Officer Reinhardt did not sign and swear to the complaint in the presence of a person as required by R. 3:3-1(a) and R. 3:3-2. Ross instructs that a law enforcement official who utilizes the form of complaint and summons authorized by R. 7:3-1(b) must nonetheless have his or her oath taken on the complaint by a judicial officer, court clerk or deputy court clerk who must also make a probable cause determination that an offense has been committed. State v. Ross, 189 N.J. Super. at 74. The form of complaint used by the officer required him to sign and swear to the complaint in the presence of such authorized person who was to make a probable cause determination. The officer enjoyed the advantage permitted by R. 7:3-1(b) of issuing an unsworn to summons before a complaint had been filed and before a probable cause determination had *113 been made. But where, as here, there has been no determination of probable cause respecting this complaint, the summons and complaint become fatally defective. Therefore, the judgment of conviction is reversed and the summons quashed. The $500 fine or any portion thereof which has been paid is to be remitted to defendant.
The second summons was issued on March 1, 1985 when Jacqueline Levinson had Summons # 2970 issued alleging that three dogs, located at 10 Waterbury Road, Montclair, were allowed "to bark for prolonged periods of time" on "the 22nd day of Dec. and other days, 1984." That summons and the complaint were sworn to on March 1, 1985 before Therese Fusco, Deputy Court Clerk who also made a determination of probable cause. In the de novo appeal defendant was again found guilty of committing five offenses under this complaint: December 22, 23, 24, 25, 1984 and March 16, 1985. He was fined $500 for December 22, 1984 and $400 for each of the remaining four convictions.
The ordinance under which defendant was convicted provides:
§ 166-11. Declaration of nuisance.
It is hereby declared to be a nuisance, and it shall be unlawful, for any person to make or cause, or suffer or permit to be made or caused, upon any premises owned, occupied or controlled by him, or upon any public street, alley or thoroughfare in the town, any unnecessary noises or sounds by means of the human voice or by any other means or methods, which are physically annoying to persons, or which are so harsh or so prolonged or unnatural, or unusual in their use, time and place, as to occasion physical discomfort, or which are injurious to the lives, health, peace and comfort of the inhabitants of the town or any number thereof.
Under point heading I of his pro se brief, defendant contends that the "evidence adduced at trial was insufficient to find defendant guilty of charges." Defendant does not expressly raise lack of notice as an argument under Point I. He does state, however, under "Incident # 2, December 23, 1984, Fine $250" that he "never had received notice of the charge until well into the trial for all the incidents. His lack of notice as to the other charges is chronicled on TT Pg 10:" (referring to the transcript of the proceedings in the Municipal Court). Defendant *114 referenced the following colloquy which occurred in the Municipal Court:
MR. SALZMAN: Your Honor, I wasn't informed of these other dates.
THE COURT: Well, it says on the complaint, Mr. Salzman, the 22nd and other days, so the complaint is not limited to one day.
MR. SALZMAN: So it is unlimited to any days that she chooses to add at this point?
THE COURT: That's right.
Still under Point I, "Incident # 3, December 24, 1984, fine $250," defendant states "[o]nce again a date that of which the defendant had no notice...." Finally, defendant states under "Incident # 5, March 16, 1985, fine $250," that this was "one of the `other days' for which the defendant had no notice. Not only had he no notice of the Summons, the Summons was issued nine (9) days before the alleged incident." Based on the foregoing assertions by defendant we are completely satisfied that this pro se defendant has raised an issue of constitutional dimensions, namely, that he has been deprived of due process.
As we observed earlier in this opinion, this is a quasi-criminal case and the rules of criminal practice control. In criminal matters, a complaint is supposed to inform a defendant of the charges he must defend against. The Constitution of this State requires no less. N.J. Const. (1947), Art. 1, par. 10. The complaint must contain enough information to enable the accused to defend himself and to avoid the risk of successive prosecutions for the same transgressions. See State v. Wein, 80 N.J. 491, 497 (1979). Due process requires that the charging instrument not only inform a defendant respecting the nature of the charge, but it must also inform an accused of how many charges he or she faces and when they occurred. Compare State in Interest of K.A.W., 104 N.J. 112 (1986). The charging instrument such as a complaint cannot be a blank warrant to be filled in only at the time of trial as the evidence unfolds in the court room. See State v. Henry, 56 N.J. Super. 1, 14 (App.Div. 1959); McCooey v. Megill, 135 N.J.L. 217, 219 (Sup.Ct. 1947).
*115 Defendant was put on trial without any idea as to how many charges he was facing. He learned he was facing multiple charges only after he was shown a copy of the complainant's trial notes. At that point he was not allowed time to review the dates and alleged events before proceeding. Under this complaint and the judge's interpretation thereof, defendant could have been found guilty for each day between December 22, 1984 and the March 21, 1985 trial date, if the evidence warranted. A substantial monetary fine could have been imposed for each conviction. Proceeding in this manner clearly violated significant procedural safeguards. Where, as here, there has been a violation of a defendant's constitutional right to due process prejudice will be presumed. See State v. Czachor, 82 N.J. 392, 404 (1980); State v. Wagner, 180 N.J. Super. 564, 567 (App.Div. 1981). The impact of violating defendant's rights to procedural due process cannot be measured by or weighed against the quantum of evidence bearing upon his guilt. State v. Simon, 79 N.J. 191, 206 (1979).
We are convinced that the complaint issued in # 2970 did not inform defendant that he was facing five charges. This complaint except as to December 22, 1984, was a blanket complaint which was filled in for four additional offenses at the conclusion of the proofs. Significantly, defendant was even found guilty of an offense which occurred after the summons and complaint had been issued. We fail to discern any reasonable way of determining that probable cause existed on March 1, 1985 for the offense that allegedly occurred on March 16, 1985. We conclude that except for December 22, 1984, this summons and complaint were fatally defective. The convictions for December 23, 24, 25, 1984 and March 16, 1985 are reversed. One thousand six hundred dollars ($1,600) in fines assessed for those dates or any portion thereof which has been paid is to be remitted to defendant.
Defendant has also raised the following additional contentions:

*116 POINT II THE DEFENDANT WAS FETTERED IN THE EXERCISE OF HIS RIGHT TO APPEAL IN THAT A MORE SEVERE SENTENCE WAS IMPOSED UPON DEFENDANT AFTER THE TRIAL DE NOVO.
POINT III THE TRIAL JUDGE'S PARTICIPATION IN QUESTIONING OF MR. RUDNICKI AND MRS. MOORE WAS INCONSISTENT WITH HIS ROLE AS AN IMPARTIAL ARBITRATOR AND WAS REVERSIBLE ERROR.
POINT IV THE MUNICIPAL ORDINANCE IS PRE-EMPTED BY STATE STATUTE AND UNENFORCEABLE.
POINT V MONTCLAIR ORDINANCE § 166-11 IS UNCONSTITUTIONALLY VOID FOR VAGUENESS.
We have considered these contentions raised in light of the record and applicable law and find they are clearly without merit. R. 2:11-3(e)(2). Finally, we observe that pursuant to State v. Ross, 189 N.J. Super. at 74-75 the waiver provision of R. 3:23-8(c) does not apply to the unique facts of this case which demonstrate sufficient good cause. See State v. Del Fino, 100 N.J. 154 (1985).
The convictions for December 23, 24, 25, 1984; February 20, 1985 and March 16, 1985 are reversed. The conviction for December 22, 1984 and the $500 fine are affirmed.
*117 
*118 
*119 
*120