267 N.J. Super. 10 (1993)
630 A.2d 792
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ALEXANDER V. LOCE, DEFENDANT-APPELLANT, AND TINA KRAIL, LORI CHADWICK, JAMES MCWILLIAMS, CHRIS MOSCHINSKI, DEBORAH SMALDORE, WILLIAM HARRISON, JOHN ADAMS, LISA ADAMS, CHARLES MATSON, DANIEL LICKTEIG, JEANNIE HENDERSON, TYRONE MALONE, NEAL WEBSTER AND RALPH TRAPHAGEN, DEFENDANTS. STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
TINA KRAIL, LORI CHADWICK, JAMES MCWILLIAMS, CHRIS MOSCHINSKI, DEBORAH SMALDORE, WILLIAM HARRISON, JOHN ADAMS AND LISA ADAMS, DEFENDANTS-APPELLANTS, AND ALEXANDER V. LOCE, CHARLES MATSON, DANIEL LICKTEIG, JEANNIE HENDERSON, TYRONE MALONE, NEAL WEBSTER AND RALPH TRAPHAGEN, DEFENDANTS. STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHARLES MATSON, DANIEL LICKTEIG, JEANNIE HENDERSON, TYRONE MALONE, NEAL WEBSTER AND RALPH TRAPHAGEN, DEFENDANTS-APPELLANTS, AND ALEXANDER V. LOCE, TINA KRAIL, LORI CHADWICK, JAMES MCWILLIAMS, CHRIS MOSCHINSKI, DEBORAH SMALDORE, WILLIAM HARRISON, JOHN ADAMS AND LISA ADAMS, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued June 2, 1993.
Decided June 30, 1993.
*11 Before Judges MICHELS, BAIME and WALLACE.
Patrick J. Mullaney argued the cause for appellant Alexander V. Loce (Mr. Mullaney and Cassidy, Foss & San Filippo, attorneys; Mr. Mullaney and Harold J. Cassidy, on the brief).
Richard J. Traynor argued the cause for appellants Tina Krail, Lori Chadwick, James McWilliams, Chris Moschinski, Deborah Smaldore, William Harrison, John Adams, Lisa Adams, Charles Matson, Daniel Lickteig, Jeannie Henderson, Tyrone Malone, Neal Webster and Ralph Traphagen (Mr. Traynor, attorney for appellants Tina Krail, Lori Chadwick, James McWilliams, Chris Moschinski, Deborah Smaldore, William Harrison, John Adams and Lisa Adams; Roger W. Daley, attorney for appellants Charles Matson, Daniel Lickteig, Jeannie Henderson, Tyrone Malone, Neal Webster and Ralph Traphagen; Mr. Traynor and Mr. Daley, on the joint brief).
Deborah Collins, Assistant Morris County Prosecutor, argued the cause for respondent (W. Michael Murphy, Jr., Morris County Prosecutor, attorney; Ms. Collins and Joseph Connor, Jr., Assistant Prosecutors, on the briefs).
Lisa Glick Zucker argued the cause for amici curiae American Civil Liberties Union of New Jersey, Americans for Democratic Action, Choice PAC New Jersey, 80% Majority Campaign, Family Planning Association of New Jersey, League of Women Voters of New Jersey, National Abortion Rights Action League-NJ, National *12 Council of Jewish Women, National Organization for Women, New Jersey State Council of YWCAS, Planned Parenthood Affiliates of New Jersey, Right To Choose and South Jersey Catholics for Free Choice (Ms. Zucker, on the brief).
PER CURIAM.
Following a trial in the Morristown Municipal Court, defendants were found guilty of defiant trespass, a petty disorderly persons offense (N.J.S.A. 2C:18-3b). Defendant Alexander Loce was assessed a penalty of $30 payable to the Violent Crimes Compensation Board. All other defendants were fined $250, assessed court costs in the sum of $25 and Violent Crimes Compensation Board penalties in the amount of $30. The Law Division again found defendants guilty after a trial de novo on the municipal court record. The same sentences were imposed except that defendant Loce was fined $250 and assessed court costs in the sum of $25 in addition to the penalty originally set by the municipal court. Three separate appeals from the Law Division's judgment were filed.
We need not recount the facts, which are fully set forth in the Law Division's oral and written opinions. Suffice it to say that all of the defendants entered a Morristown abortion clinic where Loce's fiancee was scheduled to terminate her eight week pregnancy. The defendants bound themselves with handcuffs and bicycle locks in order to block the entrance to the operating rooms. Loce, who had previously been denied a restraining order, and the other defendants sought to prevent the scheduled abortion, but were ultimately arrested. Subsequently, the abortion was performed.
The municipal court permitted introduction of evidence regarding when human life begins and found that the fetus was a person. The court nevertheless convicted the defendants, holding that Loce's fiancee had a constitutional right to an abortion and that there was no legal justification for the trespass. The Law Division, finding no reason to decide when human life commences, *13 determined that defendants wrongfully trespassed on the premises of the clinic and improperly used force to prevent a legal abortion. State v. Loce, 267 N.J. Super. 102, 630 A.2d 843 (Law Div. 1993).
Although stated in a variety of ways, defendant Loce contends that (1) human life begins at conception and the unborn child enjoys the constitutional protection of due process under the Fourteenth Amendment to the United States Constitution and Article I of the New Jersey Constitution, (2) the genetic father has standing to raise the constitutional rights of the fetus and has an independent constitutional right to protect the unborn child, (3) their rights are paramount to the privacy interest of the mother, and (4) the criminal prosecution constituted an improper intrusion upon the fundamental rights of Loce and the unborn child. The other defendants assert that (1) the Law Division failed to consider and weigh all of the evidence, (2) the Law Division erroneously excluded statutory defenses applicable to the attempted rescue of the "pre-born" baby, (3) the Law Division incorrectly refused to consider the "unrefuted proof" that Loce's eight week "pre-born progeny" was a live human being, thereby "decriminalizing their forceful rescue attempt," and (4) they have a right to assert the Ninth Amendment right to life possessed by the unborn child.
We now consolidate defendants' appeals and affirm their convictions. In reaching this result, we do not address the question when human life begins or whether that issue is justiciable. The right to an abortion guaranteed by the due process clause of the Fourteenth Amendment established by the United States Supreme Court in Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147, reh'g denied, 410 U.S. 959, 93 S.Ct. 1409, 35 L.Ed.2d 694 (1973) has only recently been reaffirmed in Planned Parenthood of Southeastern Pa. v. Casey, 505 U.S. ___, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992). The purported rights asserted by defendants independently and on behalf of the fetus are unsupported by case law, whereas the mother's rights, which they claim are outweighed, are firmly established. The simple and overriding *14 fact is that each defendant committed a petty disorderly persons offense in an attempt to prevent a legal and constitutionally protected abortion. No amount of moral conviction as to the impropriety of the abortion would legally justify the offense or render its prosecution unconstitutional. However phrased, defendants' arguments to the contrary are clearly without merit. R. 2:11-3(e)(2).
Although not raised by defendant Loce, the fine and court costs imposed upon him by the Law Division must be vacated. A defendant who appeals from a municipal court action cannot receive a greater sentence after a trial de novo. State v. De Bonis, 58 N.J. 182, 188-89, 276 A.2d 137 (1971).
So modified, the judgments of conviction are affirmed.