**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0330-19T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MIRAJ PATEL,

    Defendant-Appellant.

_____

Submitted November 2, 2020 – Decided November 23, 2020

Before Judges Rothstadt and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Municipal Appeal No. 44-2013.

The Hernandez Law Firm, PC, attorneys for appellant (Thomas Cannavo, of counsel and on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Joie D. Piderit, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In this appeal, we review for the third time, defendant Miraj Patel's October 30, 2014 conviction for driving while intoxicated (DWI), N.J.S.A. 39:4-50.[1] In response to the first appeal, we remanded to the Law Division for a new trial de novo on the record of defendant's 2013 municipal court trial at which defendant chose not to testify.[2] We directed the Law Division to address, among other issues, whether the State proved defendant's guilt through its "observational case," State v. Patel, No. A-1683-14 (App. Div. May 2, 2016) (Patel I) (slip op. at 24–25), to conduct a Rule 104 hearing on the admissibility of the Alcotest results, id. at 27, and to consider whether to draw an adverse inference against the State as to the Alcotest due to the State "allow[ing a] video tape [of defendant at the police station] to be destroyed," id. at 20.

On remand, a different Law Division judge conducted the required Rule 104 hearing on December 7, 2016, at which both the arresting officer and defendant testified about the administration of the Alcotest. On January 12, 2017, the Law Division judge issued a written decision stating his reasons for

---

[1] This was defendant's third conviction for the same offense.

[2] The only testimony came from the arresting officer and defendant's expert at the suppression hearing, which the judge relied upon without objection when reaching his verdict. The municipal court judge later found the officer to be credible and ultimately found defendant guilty based on the Alcotest results and the officer's observations, which the judge never specifically identified.

again convicting defendant based on the Alcotest results, without ever addressing the observational case. In his decision, among other findings, the judge found that it was "obvious from [defendant's] testimony [at the Rule 104 hearing] that [defendant was] not credible."

After defendant's new trial in the Law Division, defendant was again convicted, and he appealed. In our second review, we again remanded the matter to the Law Division because despite our directions, the Law Division judge "did not address [the] part of our [earlier] decision" that instructed the judge "to determine, . . . whether the State's proofs adduced at the municipal court trial were sufficient to support defendant's DWI conviction based on observational evidence." State v. Patel, No. A-3189-16 (App. Div. June 21, 2019) (Patel II) (slip op. at 2).

In remanding the matter again, we stressed the heightened need for a determination of the State's observational case in light of the Supreme Court's opinion in State v. Cassidy, 235 N.J. 482 (2018), which invalidated the Alcotest results "in many cases, including this one." Id. at 2–3. We also concluded that the issue of whether an adverse inference should be drawn was still viable despite the invalidity of the Alcotest results because "a security camera video recording of defendant's physical appearance and behavior in the stationhouse

A-0330-19T3

would meet the threshold test of relevance with respect to the observational method of proving a violation of N.J.S.A. 39:4-50." Id. at 10.

In response to our second remand, the Law Division judge again convicted defendant and on August 15, 2019, issued a written decision setting forth his findings and conclusions of law as to the observational case against defendant. According to the judge, he relied upon not only the municipal court record of defendant's trial in 2013, but he also considered the testimony of defendant and the arresting officer at the Rule 104 hearing about the admissibility of the Alcotest that was conducted on December 7, 2016. This appeal followed,

On appeal, defendant raises the following six contentions:

> POINT I
>
> THE LAW DIVISION ERRED IN FINDING DEFENDANT GUILTY OF DWI BASED ON OBSERVATIONS. THUS, THIS COURT SHOULD REVERSE AND REMAND FOR JUDG[]MENT OF ACQUITTAL.
>
> POINT II
>
> THE LAW DIVISION ERRED IN REFUSING TO APPLY A NEGATIVE INFERENCE FROM THE DISCOVERY VIOLATION.

A-0330-19T3

POINT III

DEFENDANT WAS ENTITLED TO A DE NOVO
RULING ON THE OBSERVAT[I]ONAL PRONG
BASED ON THE RECORD WHICH EXISTED UPON
THE FILING OF THE DE NOVO APPEAL.

POINT IV

THE LAW DIVISION ERRED IN APPLYING AN
APPELLATE STANDARD INSTEAD OF THE
REQUIRED DE NOVO ANALYSIS. THUS, THIS
COURT SHOULD EXERCISE ORIGINAL
JURISDICTION AND ACQUIT DEFENDANT OF
DWI.

POINT V

THE LAW DIVISION ERRED IN MENTION AND
PROBABLE CONSIDERATION [SIC] OF THE HGN
TEST TO DETERMINE THE OBSERVATIONAL
PRONG OF THE DWI OFFENSE.

POINT VI

GIVEN THE CUMULATIVE ERRORS IN POINTS II,
III, IV AND V, THIS COURT SHOULD EXERCISE
ORIGINAL JURISDICTION AND ACQUIT
DEFENDANT OF DWI BASED ON
OBSERVATIONS.

At the outset, we find no merit to defendant's contention in Point V that

the Law Division judge relied upon the arresting officer's administration of the

HGN test in determining whether the State proved its case based upon the

officer's observations. Defendant's contention is belied by the fact that while

 A-0330-19T3

the judge's decision states that the test was performed, the judge does not mention it as the basis for his ultimate findings.

We reach a similar result as to Point II about the judge's decision to not draw an adverse inference against the State as a sanction for the discovery violation that arose from the destruction of the station house videotape. As noted in the judge's decision, he did not draw an adverse inference because "[n]either party [could] represent whether the video would have shown further indicators regarding [defendant's] intoxication [for or against]." Defendant argues to us that the judge's failure to apply the adverse inference was contrary to the Court's holding in State v. Stein, 225 N.J. 582 (2016), and by not providing any remedy for the State's discovery violation, it was "nonsensical." We disagree.

We conclude defendant's contention in this regard is without sufficient merit to warrant discussion on a written opinion. R. 2:11-3(e)(2). Suffice it to say that we continue to hew to our view of the Court's opinion in Stein and our decision in State v. Richardson, 452 N.J. Super. 124 (App. Div. 2017), as discussed in our earlier opinion, see Patel II, slip op. at 10–12, and we discern no abuse in the judge's discretion to not apply the adverse inference. State v. Marshall, 123 N.J. 1, 134 (1991) ("The choice of sanctions appropriate for

discovery-rule violations is left to the broad discretion of the trial court."). Moreover, even if an adverse inference had been drawn from destruction of the video, it would only have related to defendant's conduct at the police station and not at the scene when the officer initially observed defendant and administered the field sobriety tests.

However, we find merit to defendant's assertions in Point III and IV, that the Law Division judge did not limit his consideration of the evidence to that adduced at the municipal court trial and failed to apply the correct standard of review. For those reasons, we are constrained to remand again for the judge to reconsider his decision under the proper standard based only upon the evidence adduced at the municipal court trial.

The conclusion that we reluctantly reach here is based upon clear principles guiding review of municipal court convictions. When a defendant appeals from a conviction entered in municipal court to the Law Division, that "court makes its own findings of fact and conclusions of law but defers to the municipal court's credibility findings." State v. Robertson, 228 N.J. 138, 147 (2017). The Law Division judge is required to conduct a de novo review of the record, giving "due regard to the municipal judge's opportunity to view the witnesses and assess credibility." State v. Golin, 363 N.J. Super. 474, 481 (App.

Div. 2003) (citing State v. Johnson, 42 N.J. 146, 157 (1964)). A Law Division judge must "determine the case completely anew on the record made in the [m]unicipal [c]ourt, giving due, although not necessarily controlling, regard to the opportunity of the magistrate to judge the credibility of the witnesses." Johnson, 42 N.J. at 157 (emphasis added).

This procedure is rooted in the municipal court's role as the forum for the presentation of evidence. It is in that court where the State must prove its case beyond a reasonable doubt and, if appealed, it is the record of those proceedings that are reviewed de novo. See Robertson, 228 N.J. at 147. In a trial de novo the Law Division judge must make findings of fact based upon the record made in the municipal court where the case was tried. State v. Ross, 189 N.J. Super. 67, 75 (App. Div. 1983); see also State v. Loce, 267 N.J. Super. 102, 104 (Law. Div. 1991) (stating the Law Division "must make original findings and rulings on the evidence, but [is] limited to the evidentiary record created in the Municipal Court"), aff'd o.b., 267 N.J. Super. 10 (App. Div. 1993). The Law Division "judge does not affirm or reverse what occurred in the municipal court. Rather, the . . . judge reviews the transcript and makes an independent determination of the sufficiency of the evidence presented, giving appropriate deference to any credibility assessments that the municipal court judge may have

made." State v. Kashi, 360 N.J. Super. 538, 545 (App. Div. 2003), aff'd, 180 N.J. 45 (2004). An exception to that process exists where the record requires that it be supplemented "for the limited purpose of correcting a legal error in the proceedings below." R. 3:23-8(a)(2).

If the conviction is appealed to us, our scope of review is limited, and we are bound to uphold the Law Division's findings if supported by sufficient credible evidence in the record. See Robertson, 228 N.J. at 148; State v. Reece, 222 N.J. 154, 166 (2015). Only if the Law Division's decision was so clearly mistaken or unwarranted "that the interests of justice demand intervention and correction," can we review the record "as if [we] were deciding the matter at inception and make [our] own findings and conclusions." Johnson, 42 N.J. at 162; see also State v. Kuropchak, 221 N.J. 368, 383 (2015). But, like the Law Division, we are in no position to "weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence," and should therefore defer to the municipal court's credibility findings. State v. Barone, 147 N.J. 599, 615 (1997); State v. Locurto, 157 N.J. 463, 472 (1999); State v. Cerefice, 335 N.J. Super. 374, 383 (App. Div. 2000).

However, "a reviewing court owes no deference to the trial court in deciding matters of law." State v. Mann, 203 N.J. 328, 337 (2010). A trial

court's legal conclusions and the legal consequences that flow from established facts are not entitled to special deference; they are reviewed de novo. State v. Goodwin, 224 N.J. 102, 110 (2016).

Here, it is clear from the Law Division's judge's written decision that he did not follow the required procedure. At the outset, the judge stated that his role in conducting a de novo review was to "to determine whether the findings made [in the municipal court] could reasonably have been reached on sufficient credible evidence in the record," quoting Johnson, 42 N.J. at 162 (addressing an appellate court's standard of review), albeit he followed that observation by citing to Ross, 189 N.J. Super. at 75 (stating that a trial judge in a de novo review is not performing "appellate function governed by the substantial evidence rule but rather an independent fact-finding function in respect of defendant's guilt or innocence"), and acknowledged that he was "require[d as] the trier of facts to make his own findings of fact." The judge's reference to the "substantial evidence rule," State v. Heine, 424 N.J. Super. 48, 58 (App. Div. 2012), conflated his role with ours.

Moreover, as already noted, the judge stated in the opening paragraph of his decision that he considered more than the evidence adduced in the municipal court. As the judge stated, his decision was "based upon [his review] of the

10

municipal court record, submissions by both parties, arguments by counsel, and the testimony provided by [defendant] and [the police officer] on December 7, 2016." The judge discussed in his decision his own finding about defendant not being credible at the 2016 Rule 104 hearing and described the portions of defendant's testimony that supported his finding that defendant was not credible. The judge also mentioned that the officer previously testified credibly before the municipal court and before the Law Division at the Rule 104 hearing in 2016. In order to determine whether the State proved defendant's guilt beyond a reasonable doubt, he should not have considered defendant's testimony or made credibility determinations about defendant from the Rule 104 hearing when deciding whether the State proved defendant guilty based on the 2013 trial.

Under these circumstances, we must remand to the Law Division for reconsideration, which should be completed within thirty days. By remanding the matter, we do not mean to suggest an outcome.

Unfortunately, we must direct another judge perform the remand proceedings. That is so because the judge who last decided the matter based his decision in part on his own improper credibility assessment from the N.J.R.E. 104 hearing. But for that assessment, we would not be directing another judge to handle the remand.

A-0330-19T3

Affirmed in part; remanded in part for further proceedings consistent with our opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

12