**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0951-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RICHARD A. SAYAD,

    Defendant-Appellant.

_____

> Submitted January 22, 2024 – Decided February 2, 2024
>
> Before Judges Marczyk and Chase.
>
> On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Municipal Appeal No. 09-22.
>
> Richard A. Sayad, appellant pro se.
>
> Esther Suarez, Hudson County Prosecutor, attorney for respondent (Meagan E. Free, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Richard A. Sayad appeals pro se from the Law Division's September 8, 2022 order upholding, on de novo review, the municipal court's judgment convicting him of driving with an expired inspection sticker, N.J.S.A. 39:8-9. We affirm.

I.

This matter was heard over Zoom before the Weehawken Municipal Court. Defendant appeared pro se, and the State was represented by a municipal prosecutor. At trial, Port Authority of New York and New Jersey Police Department Officer Romel DeLeon, a fourteen-year officer, testified as the State's only witness. Officer DeLeon testified that on November 3, 2021, at 5:00 p.m., he was assigned to traffic duty at the New Jersey Toll Plaza in Weehawken. He was positioned on the curb between the toll lanes. The officer testified he observed an expired inspection sticker displayed on defendant's car. He testified that his observations of the color and printed number on the sticker led him to determine that it had expired in January 2021, more than ten months earlier.

Defendant chose to testify on his own behalf. He acknowledged he was "driving in peak traffic conditions," and when he approached the toll plaza, an officer "jumped out at me," and "almost caused an accident." The officer instructed him to pull over onto the shoulder where another police vehicle was

positioned. Although defendant testified the sticker could not have expired because he just bought the vehicle less than two years prior, he admitted that it had an expired date on it. He attested the ticket had a crease in it, so he thought that it was not expired. He stated, "[a]fter I took the car in for an inspection the next day, the inspector told me that they put the wrong sticker on the vehicle, that the sticker was supposed to be for a different vehicle . . . ." He further testified he had obtained a new sticker from Motor Vehicles since he had gotten the ticket. Moreover, he testified he believed the dealer he brought the car from was being investigated by the Attorney General's Office and the dealer must have put a sticker from another car on his.

The Municipal Court Judge found defendant guilty of the violation and imposed a fine of $200 plus costs. The judge stated:

> I find the testimony of Officer DeLeon to be credible. There is not much difference between the testimony of either [party] in this case. The -- . . . officer testified that the vehicle's inspection sticker was expired for several months, making it a refusal charge, that he failed or refused to have the motor vehicle examined within the time period prescribed by the director.
>
> The defense is that he did not know that he had to have it inspected. Ignorance of the law is not an excuse. It also appears that this was not the right sticker on the car. So the defendant is very lucky that he was not charged with having a fraudulent inspection sticker,

which would have been under section C, which would have had a minimum fine of $500.

So based upon the testimony of Officer DeLeon that I find very credible, I find that under [N.J.S.A.] 39:8-9 this defendant failed to or refused to have his motor vehicle examined within the time period of the director. I find that this inspection sticker had been expired for more than [ten] months.

The Judge imposed a $207 fine and assessed $33 in costs, and defendant appealed to the Law Division.

After a de novo trial, the Law Division also found defendant guilty and imposed the same penalty on September 8, 2022. The Law Division Judge rendered a detailed opinion, both oral and written, setting forth detailed findings of fact and conclusions of law on all the matters at issue, ultimately finding the State proved its case beyond a reasonable doubt. Moreover, Officer DeLeon was found to be credible and defendant less than credible.

On appeal, defendant presents the following points for our consideration:[1]

I. HARASSMENT THAT OCCURRED OFF THE RECORD DURING [Municipal] COURTROOM SESSION.

II. IMPROPER BEHAVIOR OF WITNESS CALLING THE DEFENDANT DIRECTLY ON HIS CELL PHONE DURING ZOOM.

---

[1] For the sake of discussion, the points have been renumbered from defendant's brief.

A-0951-22

III. TRIAL BY AMBUSH-THE UNANNOUNCED WITNESS.

IV. WITNESS WITH A CRIMINAL HISTORY.

V. WITNESS WITH SELECTIVE MEMORY.

VI. PROSECUTOR PROVIDED INCORRECT FACTS REGARDING THE CARS ORIGINAL INSPECTION STICKER DATE OR [EXPIRATION].

VII. INCORRECT INSPECTION STICKER PLACED ON THE CAR FOR ANOTHER VEHICLE.

VIII. BIASES AND [Municipal] JUDGE SUGGESTING NEW CRIMES NOT BROUGHT FORWARD BY PROSECUTOR.

IX. JUDGING BEFORE HEARING THE DEFENDANT'S TESTIMONY AND BIAS.

X. MUNICIPAL TRANSCRIPT MISSING IMPORTANT INFORMATION THAT WAS IMPORTANT FOR AN APPEAL.

II.

We affirm, substantially for the reasons stated in the Law Division judge's detailed oral and written opinions. However, we add the following brief comments.

Pro se litigants are expected to follow the Court Rules. See, e.g.,Trocki Plastic Surgery Ctr. v. Bartkowski, 344 N.J. Super. 399, 405 (App. Div. 2001)

(pro se litigants are regarded as lawyers for the purposes of frivolous litigation under Rule 1:4-8(f)); Venner v. Allstate, 306 N.J. Super. 106, 110 (App. Div. 1997) (noting that a "plaintiff's status as a pro se litigant in no way relieves her of her obligation to comply with the court rules"); City of Clifton v. Cresthaven Cemetery Ass'n, 17 N.J. Super. 362, 364 (App. Div. 1952) (observing that compliance with a particular court rule should not be dispensed with when a non-lawyer appears pro se).  Many of the points on appeal argued by defendant come from a misunderstanding of both the municipal court and trial process. For example, because of the Zoom format, phone calls were made to defendant from the Prosecutor and Officer DeLeon, which were pre-trial plea negotiations. This had no impact on the findings by the judge.

In a trial de novo, the Law Division is obligated to "determine the case completely anew on the record made in the Municipal Court, giving due, although not necessarily controlling, regard to the opportunity of the [municipal court judge] to judge the credibility of the witnesses." State v. Johnson, 42 N.J. 146, 157 (1964). In a trial de novo, the Law Division:

> does not affirm or reverse what occurred in the municipal court.  Rather, the . . . judge reviews the transcript and makes an independent determination of the sufficiency of the evidence presented, giving appropriate deference to any credibility assessments that the municipal court judge may have made . . . .

"A trial de novo by definition requires the trier to make his own findings of fact."

[State v. Kashi, 360 N.J. Super. 538, 545, (App. Div. 2003) (quoting State v. Ross, 189 N.J. Super. 67, 75 (App. Div. 1983)).]

Moreover, the Law Division proceeding is not an appellate one. The judge determines anew, based on the municipal court record, whether the State proved the defendant guilty beyond a reasonable doubt. Ibid. Our own standard of review on appeal from a trial de novo in the Law Division is markedly different from that applied by the Law Division judge. Unlike the Law Division, we do not make our own findings of fact, and our standard of review is deferential. State v. Locurto, 157 N.J. 463, 474 (1999). We focus our review on "whether there is 'sufficient credible evidence . . . in the record' to support the trial court's findings." State v. Robertson, 228 N.J. 138, 148, (2017) (alteration in original) (quoting Johnson, 42 N.J. at 162).

Deference is especially appropriate when, as in this case, two judges have examined the facts and reached the same conclusion. As the Supreme Court made clear in Locurto, "[u]nder the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." 157 N.J. at 474 (citing Midler v. Heinowitz, 10 N.J. 123,

128-29 (1952)). Therefore, our review of the factual and credibility findings of the municipal court and the Law Division "is exceedingly narrow." State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470). However, we are not bound by a trial court's interpretations of either the law or the legal consequences that flow from established facts. See Manalapan Realty L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995); State v. Harris, 457 N.J. Super. 34, 43-44 (App. Div. 2018).

Applying this deferential standard of review, we conclude the Law Division Judge properly found that defendant violated the applicable statute beyond a reasonable doubt. As the court aptly stated when ruling on defendant's testimony, "the evidence – the substance of that evidence is evidentially problematic. The essence of the defense is that others . . . were responsible for the display of the expired sticker. Exclusive evidence and reliance is placed on those representations with no corroborating evidence that was presented . . . ." We add that the trial record clearly shows that defendant was in violation of the applicable statute.

To the extent we have not addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant consideration in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION