**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1795-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOCELYN DAHTA,[1]

     Defendant-Appellant.

_____

Submitted January 18, 2022 – Decided January 28, 2022

Before Judges Fasciale and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-08-2432.

---

[1] In the record presented on appeal, defendant is variously referred to as Jocelyn Dahta and Dahta Jocelyn. The indictment, plea form, and the court's order and opinion denying her post-conviction relief petition identify defendant as Dahta Jocelyn. During her plea and sentencing proceedings, defendant's counsel refers to her as Dahta Johnson. Defendant is identified in her judgment of conviction as Jocelyn Dahta, and she identified herself by that name in her original, pro se, petition for post-conviction relief and in her amended petition. We refer to defendant as Jocelyn Dahta in the caption of this matter and otherwise because she is identified by that name in her judgment of conviction and she utilized that name in her post-conviction relief petition and her notice of appeal from the order denying her petition.

Joseph E. Krakora, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jocelyn Dahta appeals from a Law Division order denying her post-conviction relief (PCR) petition without an evidentiary hearing. In her PCR petition and on appeal, defendant does not challenge her conviction for first-degree aggravated manslaughter for which she received a twelve-year sentence subject to the requirements of the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Instead, she argues the PCR court erred by not conducting an evidentiary hearing on her claim that her counsel was ineffective at "sentencing by failing to present evidence and argue in support of applicable mitigating factors." Unpersuaded by defendant's argument, we affirm.

I.

Defendant was charged in an indictment with first-degree knowing and purposeful murder, N.J.S.A. 2C:11-3(a)(1)(2), of ninety-year-old Henry Boyd. The medical examiner attributed the victim's cause of death to compression of the neck with a fracture of the larynx.

2

Defendant later pleaded guilty to first-degree aggravated manslaughter in accordance with a plea agreement in which the State agreed to recommend a twelve-year prison term subject to the requirements of NERA. During her plea colloquy, defendant testified that on February 9, 2016, she was "engaged in a physical relationship" with Boyd; she "attacked" him; and she hit him with her fists and held him down, inflicting the injuries that caused his death.

At defendant's sentencing proceeding, her counsel noted she had presented the State with "mitigating documentation . . . regarding [defendant's] background and lack of treatment for certain physical and mental health issues," and, she stated "that's all been taken into consideration and mitigation . . . to come to the term of [twelve] years subject to" NERA. Counsel then completed her sentencing argument on defendant's behalf, stating, "[t]hat being said . . . we do ask that the [c]ourt abide by the terms [of the plea agreement] as negotiated." In response, the State requested that the court abide by the terms of the plea agreement.

The court explained it reviewed the presentence report and it was "familiar with [defendant's] background" as reflected in the report and amplified by the letters from defendant's friends and family. The court noted defendant's history of drug abuse over "a substantial period of time," but found it "doesn't excuse

her conduct." The court, however, found defendant is "obviously someone who has struggled with problems in life and has reached a point where her behavior was consumed with those problems and . . . resulted in a horrible consequence" culminating in her conviction for aggravated manslaughter. The court found defendant's background and struggles in life were "recognize[d] [by] the State," and "led to the plea bargain" defendant's counsel "zealous[ly] advocated for her."

The court found aggravating factors three, the risk defendant will commit another offense, N.J.S.A. 2C:44-1(a)(3); six, the extent and seriousness of defendant's prior criminal record, N.J.S.A. 2C:44-1(a)(6); and nine, the need to deter defendant and others from violating the law, N.J.S.A. 2C:44-1(a)(9). The court also found mitigating factor nine, the character and attitude of defendant indicate it is unlikely she will commit another offense, N.J.S.A. 2C:44-1(b)(9), based on its determination there "is hope" for defendant due to "the overall nature of the individual and the attitudes of the individual generally in life."

The court determined the aggravating factors outweighed the mitigating factor, and sentenced defendant to a twelve-year term subject to NERA in

4

accordance with the plea agreement.[2] Defendant did not file a direct appeal from her conviction or sentence.

Defendant subsequently filed a verified pro se PCR petition. In pertinent part, she asserted her counsel was ineffective by failing to "argue the existence of mental health issues . . . as a mitigating factor at sentencing."[3] In PCR counsel's brief in support of defendant's petition, he further argued plea counsel obtained a report from licensed social worker Lois A. Walter describing defendant's "social history" for the purpose of "support[ing] mitigating factors

---

[2] The original judgment of conviction reflected that the court also found mitigating factors four, N.J.S.A. 2C:44-1(b)(4) and five, N.J.S.A. 2C:44-1(b)(5). The court later amended the judgment of conviction, deleting the erroneous inclusion of those mitigating factors.

[3] Defendant's verified petition also asserted her counsel was ineffective by failing to argue the existence of mental health issues as a defense to the original criminal charge and failing to obtain a psychological evaluation by a qualified expert. The petition further generally alleged defendant had not taken her "psychiatric medication for months at the time of the criminal offense for which she was charged." In the brief submitted on defendant's behalf, it was also argued her sentence was illegal because the court did not properly find and weigh the aggravating and mitigating factors under N.J.S.A. 2C:44-1. We do not address these claims because defendant does not argue the PCR court erred by rejecting them. See Drinker Biddle & Reath LLP v. N.J. Dept. of Law & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (finding a party's constitutional claims abandoned because they were not addressed in its merits brief on appeal); Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008) (finding issues not briefed on appeal are deemed waived). We limit our discussion and analysis to the singular argument presented in defendant's merits brief.

A-1795-20

that were apparently provided to the State in an effort to resolve the case through plea agreement." PCR counsel claimed the report would have supported mitigating factors at sentencing and defendant's plea counsel was ineffective by failing to submit the report to the sentencing court and failing to argue in support of various putative mitigating factors at sentencing.

In support of her arguments before the PCR court, defendant relied on Walter's report which provided a detailed summary of defendant's statements describing her family and personal history, her relationship with the victim, the incident giving rise to the murder charged, and her mental health and substance abuse histories. The report also cited medical records and statements from defendant's family members and a friend as sources of information.

Relying on Walter's report, defendant claimed her history, issues, and the circumstances surrounding her actions causing Boyd's death supported the findings of mitigating factors: three, defendant acted under strong provocation, N.J.S.A. 2C:44-1(b)(3); four, there were substantial grounds tending to excuse or justify defendant's conduct, N.J.S.A. 2C:44-1(b)(4); five, the victim induced or facilitated the commission of defendant's crime, N.J.S.A. 2C:44-1(b)(5); and eight, defendant's conduct was the result of circumstances unlikely to recur, N.J.S.A. 2C:44-1(b)(8). PCR counsel argued plea counsel's failure to provide

Walter's report to the sentencing court, and failure to argue the court should find those enumerated mitigating factors based on the report, constituted ineffective assistance of counsel at sentencing.

The PCR court issued a written opinion describing the procedural history, defendant's prosecution, conviction, sentencing, and PCR petition, and explaining the standard for establishing a prima facie case of ineffective assistance of counsel under the long-settled standards established under the United States Constitution in Strickland v. Washington, 466 U.S. 668 (1984), and the New Jersey Constitution in State v. Fritz, 105 N.J. 42 (1987). The PCR court rejected defendant's ineffective-assistance-of-counsel claim, finding it was supported only by "bald assertions." The court found defendant failed to present any competent evidence, in the form of an affidavit or certification, establishing her counsel was ineffective at sentencing. The court also noted plea counsel was able to negotiate a "very favorable" plea agreement "near the bottom of the range for the offense of first[-]degree aggravated manslaughter."

The court entered an order denying defendant's PCR petition without an evidentiary hearing. This appeal followed. Defendant presents the following argument for our consideration:

7

POINT I

THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING ON THE CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE AT SENTENCING.

II.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed questions of fact and law. Id. at 420. Where, as here, an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421. We apply these standards here.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee that a defendant in a criminal proceeding has the right to the assistance of counsel in his or her defense. The right to counsel includes "the right to the effective assistance of counsel." State v. Nash, 212 N.J. 518, 541 (2013) (quoting Strickland, 466 U.S. at 686).

In Strickland, the Court established a two-part test, later adopted by our Supreme Court in Fritz as the standard under the New Jersey Constitution, to

determine whether a defendant has been deprived of the effective assistance of counsel.  Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58.  Under the first prong of the standard, a petitioner must show that counsel's performance was deficient. It must be demonstrated that counsel's handling of the matter "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland, 466 U.S. at 687-88.

Under the second prong of the Strickland standard, a defendant "must show that the deficient performance prejudiced the defense."  Id. at 687.  There must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A petitioner must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Id. at 687.  "The error committed must be so serious as to undermine the court's confidence in the jury's verdict or result reached."  State v. Chew, 179 N.J. 186, 204 (2004) (citing Strickland, 466 U.S. at 694).

"With respect to both prongs of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence."  State v. Gaitan, 209 N.J.

339, 350 (2012) (citing State v. Echols, 199 N.J. 344, 357 (2009); State v. Goodwin, 173 N.J. 583, 593 (2002)).  A failure to satisfy either prong of the Strickland standard requires the denial of a petition for PCR.  Strickland, 466 U.S. at 700; Nash, 212 N.J. at 542; Fritz, 105 N.J. at 52.

Here, we reject the State's argument, and the PCR court's suggestion, that defendant's counsel's use of mitigating information to obtain a favorable plea agreement to a reduced charge and the State's recommendation of a sentence at the low end of the range for first-degree aggravated manslaughter, is dispositive of whether counsel was ineffective by failing to assert mitigating sentencing factors supported by the record.  Beyond the negotiation of the offense to which a defendant pleads and the maximum sentence that may be imposed, defense counsel owes an independent duty to present "mitigating evidence in support of a lesser sentence," and a failure to honor that obligation denies a defendant of the "constitutional right to the effective assistance of counsel at sentencing." State v. Hess, 207 N.J. 123, 129 (2011).  Thus, the mere fact defendant's counsel was able to use mitigating information, including Walter's letter, to negotiate what the court characterized as a "very favorable" plea agreement is irrelevant to the disposition of the single argument asserted on appeal—defendant's assertion the PCR court erred by denying his claim counsel was ineffective at

10

sentencing by failing to present the Walter report and argue in support of mitigating factors based on it.

"Although a demonstration of prejudice constitutes the second part of the Strickland analysis, courts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." Gaitan, 209 N.J. at 350 (citation omitted). We employ that approach here because it is dispositive of defendant's PCR claim.

Defendant's argument on appeal is premised on the contention her counsel was ineffective by failing to submit the Walter letter to the court because it supported a finding of mitigating factors three, four, five, and eight. See N.J.S.A. 2C:44-1(b)(3) to (5), and (8). She contends there is a reasonable probability that had the Walter letter been presented to the sentencing court, and counsel had argued for the court's consideration of those four mitigating factors, the result of the proceeding would have been different. That is, there is a reasonable probability her sentence would have been less than the twelve-year term imposed.[4]

---

[4] Defendant does not argue a finding of the putative mitigating factors would have supported a sentence in the third-degree range as permitted, in very limited

We reject the argument because defendant fails to sustain her burden of demonstrating the requisite prejudice under <u>Strickland</u>'s prejudice prong. Defendant's reliance on the Walter letter is misplaced. The letter is a compendium of statements made by defendant to Walter, information Walter gleaned from defendant's mother, sister, and a friend, and Walter's review of medical records. Walter describes defendant's difficult upbringing, her claims she was the victim of sexual abuse, her mental health and medical issues, information about her various romantic relations, her substance abuse and criminal histories, and her relationship with the victim. The letter does not include any diagnoses or an expert opinion on the effects of any alleged

---

circumstances, under N.J.S.A. 2C:44-1(f)(2). <u>See</u> <u>State v. Read</u>, 397 N.J. Super. 598, 612 (App. Div. 2008) (explaining "[a] trial court's authority to impose a downgraded sentence under N.J.S.A. 2C:44-1(f)(2) is 'limited to those circumstances in which [the] defendant can provide "compelling" reasons for the downgrade'" (quoting <u>State v. Megargel</u>, 143 N.J. 484, 502 (1996))). Additionally, to downgrade a sentence under the statute, the court must find the "interests of justice demand[s]" such a sentence. N.J.S.A. 2C:44-1(f)(2). In making that determination the court must focus on the "'severity of the crime' rather than the personal circumstances of the offender." <u>Read</u>, 397 N.J. Super. at 614 (quoting <u>Megargel</u>, 143 N.J. at 500). Defendant does not claim that had the court found the putative four mitigating factors, there is a reasonable probability she would have satisfied the N.J.S.A. 2C:44-1(f)(2) and been sentenced within the sentencing range for a third-degree offender. Thus, defendant's claim is that but for her counsel's alleged error in failing to provide the court with the Walter report and argue for the court's finding of the four putative mitigating factors, there is a reasonable probability the court would have imposed a lesser sentence of between ten and twelve years.

psychiatric or psychological conditions on defendant's behavior. In our view, the letter also does not offer information supporting any of the four mitigating factors defendant claims her counsel should have asserted at sentencing.[5]

Defendant argues that Walter's letter supported a finding of mitigating factor three, that defendant acted under strong provocation. However, there is

---

[5] We recognize the facts supporting a PCR claim must be established by competent evidence, including affidavits and certifications. State v. Jones, 219 N.J. 298, 311-12 (2014). It appears the PCR court rejected defendant's claims in part because the facts asserted in Walter's letter are not support by affidavits, certifications, or other competent evidence, and therefore the claims constituted "bald assertions." It was error for the court to do so because plaintiff's ineffective-assistance-of-counsel claim is founded on the contention her counsel did not present Walter's letter to the sentencing court and argue for the court's finding of various mitigating factors. Those facts are not disputed, and our consideration of defendant's reliance on the Walter letter is not dependent on whether the facts in the letter are true or supported by competent evidence. That is because a court's finding of mitigating factors at sentencing does not require support in competent admissible evidence. See State v. Natale, 184 N.J. 458, 486 (2005) ("In sentencing, our trial courts consider all relevant information, including hearsay, unrestrained by the rules of evidence."); see also State v. Humphreys, 89 N.J. 4, 14 (1982) ("The whole person concept authorizes the sentencing court to comprehend in its deliberations a wide range of information that might otherwise be excluded by evidentiary norms."). To establish her ineffective-assistance-of-counsel claim, defendant was required to demonstrate only that the letter provided information that "from its content, nature and manner of presentation is inherently reliable, trustworthy and credible," State v. Carey, 232 N.J. Super. 553, 555 (App. Div. 1989); (quoting State v. Merlino, 208 N.J. Super. 247, 264 (Law Div. 1984)), such that it could be properly considered by the sentencing court, ibid. The State does not argue Walter's letter does not satisfy this standard, but our determination the information in the letter does not support a finding of the suggested mitigating factors renders it unnecessary that we address or decide that issue.

13

nothing in the letter supporting a finding defendant took Boyd's life under strong provocation. "The provocation referred to [in mitigating factor three, N.J.S.A. 2C:44-1(b)(3),] 'relates to the conduct of the victim toward the actor.'" State v. Teat, 233 N.J. Super. 368, 372 (App. Div. 1989) (quoting State v. Jasuilewicz, 205 N.J. Super. 558, 576 (App. Div. 1985)). Walter's letter states only that, according to defendant, she attacked Boyd because he did not pay her what she expected for having sex with him and he broke what she understood was a promise he had made to provide other financial support to her and assist her in a pending guardianship matter. Defendant also told Walter she attacked Boyd after he told her to leave his apartment and that he did not care about her.

In State v. Briggs, we found reports from "experts who examined [the] defendant [and] found she suffered from post-traumatic distress disorder, consistent with and related to 'severe and chronic' spousal abuse" supported a finding of mitigating factor three for a defendant convicted of the aggravated manslaughter of her husband. 349 N.J. Super. 496, 504 (App. Div. 2002). There is neither similar evidence nor facts extant here.

Even accepting the circumstances as defendant related them to Walter, there is no basis to conclude Boyd, a ninety-year-old man, took any action to strongly provoke defendant's physical attack that caused the compression of his

14

neck and fracture to his larynx resulting in his death. Boyd's failure to pay defendant what she expected for having sex with him, her disappointment with his decision not to provide financial support he purportedly promised, or his lack of assistance in a pending guardianship case cannot logically be considered strong provocation for the physical attack that caused his death. Instead, as defendant told Walter, she "lost it" when she became disappointed by Boyd's failure to give her what she expected. Defendant's fatal assault was the result of her own overreaction, and not any strong provocation from Boyd.

For the same reason, we reject defendant's claim Walter's letter supported a finding of mitigating factor four, that there were substantial grounds tending to excuse or justify the defendant's conduct. Defendant claims mitigating factor four is supported by her history of sexual abuse and her desperation not to lose Boyd's promised assistance in a guardianship case.

While Walter's letter references defendant's claimed history of being victimized by sexual abuse, it provides no factual, medical, or psychological nexus between that history and defendant's attack on Boyd. Unlike in Briggs, where we found mitigating factor five was supported by expert reports establishing the defendant suffered from the effects of long-term spousal abuse when she killed her husband, 349 N.J. Super. at 504, Walter's letter lacks any

15

information establishing that either defendant's sexual abuse history or her mental health history played any role in her attack on Boyd such that there were substantial grounds tending to excuse or justify her actions. Cf. State v. Jarbath, 114 N.J. 394, 414-15 (1989) (affirming a finding of mitigating factor four where the record, including information from a medical doctor, showed defendant's intellectual disability rendered her "impossible to cope emotionally, and has even [caused] breaks with reality" when "placed in inappropriate environments"); see also State v. L.V., 410 N.J. Super. 90, 111 (App. Div. 2009) (finding mitigating factor four was supported by an expert's opinion the "defendant had a viable duress defense under N.J.S.A. 2C:2-9(a)"). Because Walter's letter provided no information establishing defendant's history as a victim of sexual abuse played a role in her attack, the record does not support a finding of mitigating factor four.

We are also not persuaded defendant's disappointment in Boyd's alleged failure to assist her in the guardianship case provides grounds, and clearly not substantial grounds, tending to excuse or justify the physical attack that caused Boyd's death. And, for the identical reason, Walter's letter does not support a finding of mitigating factor five, that Boyd "induced or facilitated" the commission of defendant's crime.

16

Walter's letter also does not support a finding of mitigating factor eight, that defendant's conduct was the result of circumstances unlikely to recur. By her own admission, defendant's crime was not the product of any unusual or unique set of circumstances. She attacked Boyd and caused his death out of little more than her disappointment and frustration with his refusal to meet her expectations, and his failure to provide financial and other support to which she felt entitled. Disappointment and frustration with others occur at different times in everyone's life, and it can be reasonably anticipated defendant will be disappointed by, and frustrated with, others for various reasons in the future. Thus, the circumstances that caused defendant to attack Boyd—her disappointment and frustration with him—are likely to recur in the future with others. We find no basis in Walter's letter supporting a finding of mitigating factor nine.

Defendant's ineffective assistance of counsel claim is based on the assertion counsel failed to present Walter's letter to the sentencing court and failed to urge the court to find mitigating factors three, four, five, and eight. For the reasons we have explained, Walter's letter provides no support for a finding of those mitigation factors. That is, even if her counsel had submitted the letter

17

to the sentencing court, it would not have supported findings of the four mitigating factors defendant claims her counsel erred by failing to assert.

Because Walter's letter does not support a finding of the four proffered mitigating factors, defendant failed to demonstrate that but for her counsel's purported error in providing Walter's letter to court and urging the court to find those factors, there is a reasonable probability the result of the sentencing proceeding would have been different.[6] Defendant therefore failed to sustain her burden under Strickland's second prong. See Strickland, 466 U.S. at 694.

Additionally, defendant's counsel's performance was not deficient under Strickland's first prong by failing to submit the letter to the court or argue it supported the putative mitigating factors claimed by defendant on appeal. Reliance on Walter's letter would not have supported those mitigating factors,

_____

[6] Defendant's pre-sentence investigation report detailed much of the information concerning defendant's background included in Walter's report. Thus, the court was aware of defendant's background, history, difficulties, and issues in its analysis of the mitigating factors. The court was obligated to find applicable mitigating factors if supported by the record, See State v. Dalziel, 182 N.J. 494, 504-05 (2005) (explaining where mitigating factors are supported by the record, "they must be part of the deliberative process" at sentencing), but did not find mitigating factors three, four, five, and eight. Thus, the court's failure to find the putative four mitigating factors based on the information in the pre-sentence investigation report – a failure defendant did not challenge in a direct appeal – undermines defendant's claim there is a reasonable probability the result of the sentencing proceeding would have been different had counsel provided the court with Walter's report.

and counsel's performance was not deficient by failing to make a meritless argument. See State v. O'Neal, 190 N.J. 601, 619 (2007) (holding "[i]t is not ineffective assistance of counsel for defense counsel not to file a meritless motion"); State v. Worlock, 117 N.J. 596, 625 (1990) (stating "[t]he failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel").

Defendant's failure to sustain her burden of presenting a prima facie case under both prongs of the Strickland standard required the denial of her PCR petition. Strickland, 466 U.S. at 700; Nash, 212 N.J. at 542. The PCR court correctly denied the petition without an evidentiary hearing because defendant did not establish a prima facie claim of ineffective assistance of counsel. State v. Preciose, 129 N.J. 451, 462 (1992); see also R. 3:22-10(b) (providing one of the requirements for a defendant's entitlement to an evidentiary hearing on a PCR petition is the "establishment of a prima facie case in support of post-conviction relief").

Any arguments asserted on defendant's behalf that we have not addressed directly are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1795-20