**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3058-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MARK LOWERY,

     Defendant-Appellant.

_____

Submitted April 29, 2025 – Decided July 21, 2025

Before Judges Smith and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Municipal Appeal No. 9-23.

Levow DWI Law, PC, attorneys for appellant (Evan M. Levow, of counsel and on the brief; Keith G. Napolitano, Jr., on the brief).

William E. Reynolds, Atlantic County Prosecutor, attorney for respondent (Matthew T. Mills, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Mark Lowery entered a conditional guilty plea to driving while intoxicated (DWI) in violation of N.J.S.A. 39:4-50. Because the judge determined this was defendant's fourth DWI conviction, his sentence included a mandatory 180-day term of imprisonment. Defendant appeals his sentence, arguing that the State failed to sufficiently prove his prior out-of-state convictions. Alternatively, he argues that, because two of the prior convictions were uncounseled, he is entitled to relief under Laurick[1] and should have been sentenced as a third offender. We affirm.

I.

In the early morning of July 30, 2021, defendant was driving when Somers Point Police Department Officer John Conover stopped him for making an illegal left-hand turn. After approaching defendant's car, Officer Conover smelled alcohol on defendant's breath, observed that his eyes were bloodshot and watery, and noticed him swaying. When asked to perform standard sobriety tests, defendant became antagonistic and used profanity, refusing to take the

---

[1] State v. Laurick, 120 N.J. 1, 11 (1990) (holding that prior uncounseled convictions for DWI cannot be used to enhance a custodial sentence for a second or subsequent DWI offense where defendant was unaware of right to counsel or right to be appointed counsel if indigent), abrogated by Nichols v. United States, 511 U.S. 738, 742 n.7, 748-49 (1994).

tests. Defendant later admitted to drinking six beers prior to operating his vehicle that day.

Defendant was charged with DWI, N.J.S.A. 39:4-50; refusal to submit to a test, N.J.S.A. 39:4-50.4(a); and two other motor vehicle violations. On July 18, 2023, defendant pled guilty in the Somers Point Municipal Court to violating N.J.S.A. 39:4-50, on the condition that he could challenge the sentence for a lack of proofs. After the plea colloquy, the judge found defendant had supplied an adequate "factual basis for a State v. Johnson[2] prosecution and conviction" and had entered an intelligent, knowing, and voluntary guilty plea in accordance with Rule 7:6-2.

At sentencing, the State proffered a "triple-[I]" report[3] showing defendant had four prior DWI convictions: two in July 2001, one in April 2004, and one

---

[2] 42 N.J. 146, 166-67 (1964). (finding that a defendant being unable to safely drive a vehicle is not a necessary proof for N.J.S.A. 39:4-50, which can be established by showing consumption of a "considerable amount of [alcohol] within a relatively short period of time").

[3] "Triple-I" stands for the "Interstate Identification Index," a system that "ties computerized criminal history record files of the FBI and the centralized files maintained by each . . . participating state into a national system." Interstate Identification Index (III) National Fingerprint File (NFF), Fed. Bureau of Investigation, https://www.fbi.gov/file-repository/iii-nff-map-103123.pdf/view (last visited July 10, 2025). Pennsylvania is a Triple-I-participating state jurisdiction. Ibid.

A-3058-23

in July 2004. All of the convictions were in Pennsylvania. Defendant maintained that since the report was not a certified driving abstract, the State had not met its burden to demonstrate he had prior convictions. Defendant also asserted that, of the five alleged prior convictions, he had been uncounseled for three and was thus entitled to a sentence without jail time under Laurick. When the judge noted defendant failed to show that he had not been offered counsel for the prior convictions or, alternatively, to attach certifications from court administrators stating the records of the prior conviction proceedings were lost, defendant argued he had received "limited information" from the administrators he had contacted and it was not his burden to establish the judge's requested proofs.

The judge rejected both arguments and, after determining that defendant's first DWI did not constitute a crime,[4] sentenced defendant as a fourth offender. Accordingly, the judge sentenced defendant to 180 days in county jail,

---

[4] Our reading of Pennsylvania law reveals this statement to be inaccurate. Defendant's first DWI was a second-degree misdemeanor offense. 75 Pa. Cons. Stat. § 3731(e)(1) (repealed 2003). Second-degree misdemeanors carry up to two years' imprisonment as punishment in Pennsylvania. 30 Pa. Cons. Stat. § 923(a)(6). However, as the 180 days' imprisonment mandated by N.J.S.A. 39:4-50(a)(3) applies to "third or subsequent violation[s]," whether defendant was a fourth of fifth offender has no bearing on whether his sentence was proper.

A-3058-23

suspended his driving privileges for eight years, ordered an ignition interlock for four years upon defendant regaining driving privileges, and imposed requisite penalties and costs. As part of the plea agreement, the judge dismissed the refusal charge at the State's request with the State reserving the right to resentence defendant on the refusal if the prior convictions were found to be "not part of the case." The judge suspended the jail sentence pending appeal.

Defendant appealed to the Law Division. On June 5, 2024, the Law Division judge, denying defendant's appeal, found "that the record from the Interstate Identification Index [was] adequate to establish prior offenses, and that if there are Laurick applications to be made, that they need to be made to the [c]ourts [that convicted defendant before] . . . ." Defendant requested a stay of sentencing pending appeal to this court. The Law Division denied the request for a stay, then imposed the same sentence given by the municipal court. Defendant appeals.

## II.

"We review a sentence under an abuse of discretion standard." State v. Morente-Dubon, 474 N.J. Super. 197, 208 (App. Div. 2022). This deferential standard only applies if "the trial judge follow[ed] the [Criminal] Code and the

basic precepts that channel sentencing discretion." State v. Trinidad, 241 N.J. 425, 453 (2020) (quoting State v. Case, 220 N.J. 49, 65 (2014)).

Generally, we defer to the sentencing court's factual findings and should not "second-guess" it. Case, 220 N.J. at 65. However, "[w]e give no 'special deference' to the Law Division's 'interpretation of the law and the legal consequences that flow from established facts.'" State v. Zeikel, 423 N.J. Super. 34, 40-41 (App. Div. 2011) (quoting Manalapan Realty, L.P. v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995)). To the extent the municipal and trial courts here "made factual determinations regarding the nature" of defendant's Pennsylvania convictions, our review is de novo because the courts "did not take any testimony but relied solely upon the same documentary record" available on appeal. Id. at 41.

III.

A.

Defendant first argues that the State did not meet its burden under N.J.S.A. 2B:25-5.1 because the Triple-I report "was not a certified abstract of [defendant's] Pennsylvania driving history." Therefore, he claims the report "should not have served as the requisite proof of prior driving infractions from a foreign jurisdiction." We disagree and consider the applicable principles.

6

"Repeat DWI offenders are subject to enhanced custodial sentences, license suspensions, and financial penalties." State v. Patel, 239 N.J. 424, 428 (2019) (citing N.J.S.A. 39:4-50(a)(2) to (3)). Accordingly, "[b]y statute, municipal prosecutors must review a defendant's prior driving history in order to determine whether a DWI represents their first or subsequent offense before recommending whether [sentencing] enhancements may apply." State v. Zingis, 259 N.J. 1, 17 (2024).

N.J.S.A. 2B:25-5.1 provides in pertinent part:

> Whenever a person is charged with a violation of . . . [N.J.S.A.] 39:4-50, . . . a municipal prosecutor shall contact the New Jersey Motor Vehicle Commission by electronic or other means, for the purpose of obtaining an abstract of the person's driving record. In every such case, the prosecutor shall:
>
> a. Determine, on the basis of the record, if the person shall be charged with enhanced penalties as a repeat offender; and
>
> b. Transmit the abstract to the appropriate municipal court judge prior to the imposition of sentence.

Municipal judges are required to review the driving records of defendants prior to sentencing them for violations of N.J.S.A. 39:4-50. Admin. Off. of the Cts., Admin. Directive #10-04, Requirement to Review a Defendant's "Certified Driver Abstract" Prior to Sentencing for Driving While Intoxicated And Other

Motor Vehicle Offenses with Graduated Penalties 1 (Aug. 31, 2004). Because out-of-state convictions of DWI laws that are "substantially similar" qualify as prior convictions for purposes of sentencing enhancement,[5] the directive reads in part:

> In the case of an out-of-state driver, the judge, before sentencing, should examine both the defendant's New Jersey Certified Driver Abstract and the defendant's driving record for the licensing state. The judge should request that the prosecutor obtain and provide the court with the defendant's driving record from the licensing state as soon as possible. If, however, the prosecutor has not provided the out-of-state driving record by the scheduled court date, the judge should proceed with sentencing the defendant without the out-of-state driving record. In such instances, however, before imposing sentence, the judge should on the record require the prosecutor to provide the out-of-state driving record when it is obtained. When a defendant is sentenced in the absence of the out-of-state driving record and the prosecutor later provides the court with sufficient proof that the defendant should have been sentenced to an enhanced penalty by virtue of an out-of-state conviction, the court shall require the defendant to appear for re-sentencing.
>
> [Id. at 2.]

---

[5] N.J.S.A. 39:4-50(a).

Sentencing judges are also cautioned that "[i]t is inappropriate . . . to rely on the representations of the prosecutor, defense counsel, or defendant as to the defendant's driving record." Id. at 1.

N.J.S.A. 2B:25-5.1 does not mention the words, "certified," or "certification" at all, simply requiring the prosecutor to obtain "an abstract" from the New Jersey Motor Vehicle Commission. The plain language of Administrative Directive #10-04 mentions certification only in connection with New Jersey driving records. In the directive, the word "certified" appears only in conjunction with the term, "New Jersey Certified Driver Abstract." A plain reading of the statute and the directive leads us to reject defendant's argument that the municipal judge may only consider certified out-of-state driving records for purposes of sentencing.

We note that a sentencing court's findings must be "grounded in competent, credible evidence in the record." Case, 220 N.J. at 67. Such evidence need not precisely adhere to the Rules of Evidence, which "may be relaxed . . . to admit relevant and trustworthy evidence in the interest of justice" for "proceedings in a criminal . . . action in which information is presented for the court's use in exercising a sentencing . . . discretion." N.J.R.E. 101(a)(3)(C); see also State v. Carey, 232 N.J. Super. 553, 555 (App. Div. 1989) (noting "[t]he

rules of evidence . . . are relaxed as to the" imposition of sentence phase of criminal and quasi-criminal matters).

In Carey, we held that a sentencing court properly considered a computer printout which showed that a defendant was a second offender, despite the defendant's driver's abstract erroneously listing no prior convictions. 232 N.J. Super. at 554, 558. We noted that computer-generated material is generally accepted and used "not only on sentencing matters but as substantive evidence in criminal civil proceedings[,]" and that the printout was "clear, legible and understandable as well as reasonably trustworthy." Id. at 555, 556 n.1.

The Triple-I report, like the report in Carey, is sufficiently trustworthy. The report is an objective, computer-generated report of defendant's criminal history record which is created by reference to certain federal and state records. It is clear, legible, and readily understandable. It includes a defendant's name, date of birth, Social Security number, and other identifying information. As a Triple-I-participating jurisdiction, Pennsylvania uploaded official records of defendant's state criminal history into the Triple-I system. These records show that defendant's Pennsylvania driving record included four DWI convictions. Since N.J.S.A. 39:4-50(a)(3) clearly requires that a "third or subsequent violation" compels a defendant to be "sentenced to imprisonment for a term of

not less than 180 days in a county jail," the status of the current offense as either the fourth or fifth conviction is irrelevant for sentencing purposes.

We conclude that the trial court properly relied upon the Triple-I report as sufficient proof of defendant's Pennsylvania convictions and correctly affirmed the municipal court's use of the report to determine that defendant had four prior convictions. We discern no error.

B.

Defendant argues in the alternative that he should be sentenced under Laurick as a third offender "without the imposition of the mandatory 180[-]day incarceration period," because his two July 2001, convictions were uncounseled. He contends he is entitled to this relief solely because he "proceeded on a pro se basis." We are unpersuaded. "Progressive penalties apply to defendants convicted of a second and subsequent DWI violation." Patel, 239 N.J. at 437 (citing N.J.S.A. 39:4-50(a)(1) to (3)). "A third-time or subsequent offender is subject to a period of license suspension of ten years, a mandatory term of imprisonment of 180 days . . . a fine of $1000, and other penalties." Id. at 437-38 (citing N.J.S.A. 39:4-50(a)(3)). Pursuant to N.J.S.A. 39:4-50(a),

> [a] conviction of a violation of a law of a substantially similar nature in another jurisdiction, regardless of whether that jurisdiction is a signatory to the Interstate Driver License Compact . . . , shall constitute a prior

11

conviction under this subsection unless the defendant can demonstrate by clear and convincing evidence that the conviction in the other jurisdiction was based exclusively upon a violation of a proscribed blood alcohol concentration of less than 0.08 percent.

Our Supreme Court has made clear that "[e]very defendant charged with [DWI], N.J.S.A. 39:4-50, is guaranteed the right to retain counsel or, if indigent, the right to appointed counsel in municipal court." Patel, 239 N.J. at 428.

> To ensure the efficient administration of justice in our municipal courts, judges are directed to "inform the defendant of the right to retain counsel or, if indigent, to have counsel assigned." R. 7:3-2(a); see also State v. Hrycak, 184 N.J. 351, 362 (2005). Judges are also required to ask the defendant "whether legal representation is desired" and to have the response "recorded on the complaint." R. 7:3-2(a).
>
> [Ibid. (citation reformatted).]

However, "with the exception that a prior DWI conviction that was uncounseled in violation of court policy may not be used to increase a defendant's loss of liberty, there is no constitutional impediment to the use of the prior uncounseled DWI conviction to establish repeat-offender status under DWI laws." State v. Schadewald, 400 N.J. Super. 350, 353 (App. Div. 2007) (emphasis added) (quoting Laurick, 120 N.J. at 4).

A defendant may petition for Laurick relief from prior DWI convictions pursuant to Rule 7:10-2(g). See Patel, 239 N.J. at 445-46. The rule requires

that the petition "be brought in the court where the prior conviction was entered."

R. 7:10-2(g)(1).

> [T]o secure relief from an enhanced custodial sentence for a subsequent DWI conviction, a non-indigent defendant must establish that in the earlier uncounseled DWI proceeding, (1) he was not advised or did not know of his right to counsel and (2) had he known of his right to counsel, he would have retained a lawyer. A defendant contending he was indigent must establish that in the earlier uncounseled DWI proceeding (1) he was not advised and did not know of his right to appointed counsel, (2) he was entitled to the appointment of counsel under the applicable financial means test, R. 7:3-2(b), and (3) had he been properly informed of his rights, he would have accepted appointed counsel.
>
> [Patel, 239 N.J. at 429.]

Here, each of defendant's prior DWI convictions were entered in Pennsylvania. Defendant has not shown that he sought any relief from the Pennsylvania courts related to his prior convictions.[6] It follows that his appeal fails in its entirety.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

---

[6] The State argues that a defendant can only seek relief under Laurick if their prior convictions were entered by New Jersey courts. Because defendant never attempted to comply with Rule 7:10-2(g)(1) by filing a Laurick petition in Pennsylvania, we do not reach this issue, and we express no opinion on whether Laurick relief can be sought in other jurisdictions.

A-3058-23